## Case No. 14,789.

UNITED STATES v. CHASSELL.

[6 Blatchf. 421;[1] 9 Int. Rev. Rec. 177; 1 Chi. Leg. News, 314.]

Circuit Court, E. D. New York. May 26, 1869.

INFORMERS—SHARE OF FUND—REVENUE OFFICER.

An assistant assessor of internal revenue, who, of his own motion, and by his own diligence, while in the discharge of his official duty as such assistant assessor, acquires information of facts on which to base a proceeding by indictment for a violation of the internal revenue law, and imparts such information to the district attorney, with the intent that such proceeding shall be instituted upon such information, is, if such information is the first information so imparted, and if it leads to the indictment and conviction of the offender, entitled to share, as informer, in a fund in court arising from a fine imposed by the court, and paid on such conviction.

This case came before the court upon a motion for the distribution of a fund in the registry, arising from a fine imposed upon the defendant [Frederic Chassell]. The pro-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ceeding against the defendant was an indictment found against him for carrying on the business of a retail liquor dealer, without having paid the special tax required by law. Upon that indictment he was tried and convicted, and a fine was imposed by the court, which was paid, and constituted the fund in question. One-half of this fund was now claimed by Brewster Wood, as informer. In support of his claim, Wood produced a certificate of the district attorney, to the effect that he was the person who first informed of the cause, matter, and thing, whereby the arrest and conviction of the defendant were procured. To this he added his own oath, showing that he first informed the district attorney of the facts upon which the prosecution was based, and also that he had no knowledge or information that any claim was made by any other person to have first informed of such matter and thing. On the part of the government, there was produced the written admission of Wood, that he obtained the information which he imparted to the district attorney, while in the discharge of his official duty as assistant assessor of the Third collection district of the state of New York.

BENEDICT, District Judge. On the facts in this case, a single question is raised, namely, whether the circumstance that Wood obtained the information, on the communication of which he bases his claim as informer, while in the discharge of his official duty as assistant assessor, debars him from claiming a share of the fine, as informer. My opinion is, that it does not, and for the following reasons: It was long since held, that an inspector of the customs might become entitled to receive an informer's share, by reason of information given by him to the collector of customs, and was not debarred from that right by the fact that he was employed by the government in the enforcement of the revenue laws, under a salary. Hooper v. Fifty-One Casks of Brandy [Case No. 6,674]. This decision was acquiesced in, and has since controlled the distribution of forfeitures under the customs laws.

If the early provisions of the internal revenue laws be examined, they show clearly an intention on the part of congress to continue this feature of the customs laws in the laws relating to the internal revenue. Thus, the act of July 1, 1862, in the 31st section (12 Stat. 444), makes it the duty of a collector of internal revenue to prosecute for the recovery of any sums forfeited by the act, and declares that all fines, penalties, and forfeitures shall be sued for in the name of the United States or of the collector, and that one moiety of the recovery shall be to the use of the person who, if a collector or deputy collector, shall first inform of the cause, matter, or thing, whereby such fine, penalty or forfeiture was incurred. This provision was re-enacted in the 37th section of the act

of March 3, 1863 (Id. 730), and substantially the same provision appears in the 179th section of the act of June 30, 1864 (13 Stat. 305). By the act of March 3, 1865 (Id. 483), section 179 of the act of 1864 is amended by striking out the words, "if a collector or deputy collector;" and the note to an edition of this act, which was then published and distributed by the government, declares that thereafter a moiety of all fines, penalties, and forfeitures is to be paid to the informer, "whether officer of the revenue or a private citizen." These enactments indicate an unmistakable intention to permit officers of the revenue to participate, as informers, in the distribution of fines, penalties, and forfeitures. The various subsequent acts disclose no change of intention, but have always left this right open to be claimed by any person; and they have been passed with full knowledge that revenue officers were constantly being paid large rewards as informers, and in the face of treasury regulations which clearly recognize their right to claim such rewards. There is no reasonable doubt, therefore, that congress intended, by the present act—what seems to be said by the act—that any person whosoever may share in a fine, penalty, or forfeiture, provided it be made to appear that such person first informed of the cause, matter, or thing, whereby such fine, penalty, or forfeiture shall have been incurred.

The intention to include officers of the revenue in the general words used by the act, and to enable them to participate in the distribution of fines, penalties, and forfeitures, is reasonable; for, this mode of stimulating the zeal of officials, by the hope of additional compensation, is a common practice in revenue laws, and the small fixed compensation which is attached to many offices tends to confirm the supposition that it was expected that such compensation would be increased by the rewards of diligence.

As there exist, in the act, no words of limitation in regard to the persons who may become informers, so, also, there is no limitation in regard to the method by which the information shall have been acquired. Any person may become entitled to share as an informer, by reason of any information which contributes in a substantial way to recover the fine, penalty or forfeiture which is finally imposed, provided such information has not only been acquired, but also properly imparted. To whom imparted, the act does not say; but its fair import is, that the information must be imparted to some one authorized to, and who does thereupon, take official action to recover the fine or penalty, or to enforce the forfeiture, which the information discloses to have been incurred; and the information must be imparted with the intention of having it so acted upon. It must, also, be the first information so imparted. These restrictions can be fairly gathered from the words of the act, and I am unable to see that any other limitations

can be reasonably inferred from any thing contained in the act.

According to this construction of the law, it clearly appears, that the present petitioner is entitled to a distributive share in the fine in question; for, it appears, that. of his own motion. and by his own diligence. he acquired information, which, being acted on by the proper officer, led to the conviction of the offender. This information he imparted to the district attorney, who, and who alone, was authorized to institute the proceedings which resulted in the imposition of the fine, and he so imparted his information with the intent that such proceedings should be instituted upon his information, and his was the first information so imparted. These facts, unattended with any countervailing circumstances. entitle him, according to my view of the law, to be adjudged to be the legal informer. entitled to a distributive share of the fund in court.

In thus disposing of the case. I have not omitted to notice two recent cases arising under this same provision of law. U. S. v. One Hundred Barrels of Distilled Spirits [Case No. 15,946]. and In re Four Cutting Machines [Id. 4,987]. But I find nothing in the actual adjudications of those cases, upon the facts of those cases, as I understand them, which leads me to a different conclusion from that at which I have arrived in this case.